IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD J. DIXON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1071-BD |
| | § | |
| CITY OF CROWLEY, TEXAS, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants City of Crowley, Texas, Kirk Nemitz, and Truitt Gilbreath have filed a motion for summary judgment in this free speech retaliation case brought under 42 U.S.C. § 1983. For the reasons stated herein, the motion is granted.

I.

Plaintiff Edward J. Dixon was employed by the City of Crowley as a police officer from 1993 until March 10, 2004. (*See* Def. MSJ App. at 64, 126, 128-29). At various times during his tenure with the police department, plaintiff was either counseled or disciplined for making inappropriate remarks about citizens or other officers. On one occasion, plaintiff was demoted from the rank of corporal to patrol officer for using profane and derogatory language when talking about an officer who was responding to a 911 call. (*Id.* at 035-36, 037-40, 152-54). Another time, plaintiff received negative comments in his performance evaluation for demeaning his co-workers. (*Id.* at 031-32, 162-64). Plaintiff also regularly criticized his supervisors, including Chief Kirk Nemitz. (*See id.* at 184-99). Sometime after Nemitz became Chief of Police, plaintiff and other senior officers circulated a "no confidence" petition in an attempt to have Nemitz dismissed. (*Id.*

at 066, 145-46). Plaintiff admits that he was "frustrated" when the City Council refused to take action on the petition. (*Id.* at 146-47). He also acknowledges harboring resentment towards Nemitz and the department as a result of his demotion from corporal to patrol officer. (*Id.* at 048, 185).

In early 2004, plaintiff applied for promotion to the rank of sergeant. (*Id.* at 041). As part of the process, each applicant was required to take a written test and appear before a board of law enforcement professionals from nearby agencies. (*Id.* at 041, 127-28). On February 27, 2004, the day of the board interviews, plaintiff offered to give another applicant, Rodney Wallace, a ride back to the police station to start his shift. (*Id.* at 042, 199a-b). In the car, plaintiff questioned Wallace about his interview. Wallace expressed reluctance to discuss the matter because plaintiff had not yet been interviewed by the board. (*Id.* at 199b). Plaintiff then asked Wallace which board member asked the most questions. Wallace responded that he did not know the panel member's name, but the man was seated at the corner of the table and wore a blue windbreaker. (*Id.* at 042). Plaintiff immediately identified the panel member as Greg Arrington, a former City of Crowley police officer who had lodged several excessive force complaints against plaintiff when he was with the department. (*Id.* at 133-36). According to Wallace, plaintiff blurted out, "that's a backstabbing motherf----- just like Kirk Nemitz, if you ever have to deal with that f----, watch your back." (*Id.* at 043- 199b). Upon learning that plaintiff had been selected for promotion to the rank of sergeant, Wallace reported the derogatory remark about Nemitz to his supervisors who, in turn, initiated an internal affairs investigation. (*Id.* at 199b-c). During the course of that investigation, numerous police department employees reported that plaintiff routinely made negative comments to his co-workers about Chief Nemitz and other supervisors. (*Id.* at 045). Plaintiff was eventually terminated

for insubordination, conduct unbecoming a police officer, and violating departmental policy regarding employee speech. (*Id.* at 048-50).[1]

Plaintiff appealed his termination to City Manager Truitt Gilbreath and the Crowley City Council. (*Id.* at 052-53). Both appeals were denied. Plaintiff then demanded that the dispute be submitted to final and binding arbitration pursuant to a provision in the City of Crowley Personnel Manual. (*Id.* at 004-008). The City rejected the arbitration demand. On May 24, 2004, plaintiff filed this action in federal district court seeking an order compelling arbitration or, alternatively, for reinstatement and damages. The gravamen of plaintiff's complaint is that he was fired by the City in retaliation for exercising his First Amendment right to freedom of speech. After the court determined that plaintiff was not entitled to an order compelling arbitration, *see Dixon v. City of Crowley*, No. 3-05-CV-1071-BD, op. at 3 (N.D. Tex. Dec. 28, 2005), defendants filed a motion for

---

[1] The Crowley Police Department General Orders & Procedures governing employee speech provides, in pertinent part:

> 201.02  POLICY
>
> A.  Law enforcement members are entrusted with special responsibilities. They must conduct themselves in a professional manner and are subject to discipline for engaging in "conduct unbecoming an officer" or "conduct detrimental to the police department."
>
> * * * *
>
> 201.03  SPEECH UNPROTECTED AS A MATTER OF LAW
>
> A.  Members are subject to disciplinary action for speech constituting treason, libel, slander, perjury, incitement to riot, or knowingly make false statements regarding police departmental operations or personnel.
>
> B.  Members may not publicly criticize the police departmental operations, policies, or personnel by speech, writing, or expression in any other manner when such speech is factually inaccurate or is made with a reckless disregard for its truth or falsity or there is no legitimate public interest.

(Def. MSJ App. at 029).

summary judgment on plaintiff's free speech retaliation claim. The motion has been fully briefed by the parties and is ripe for determination.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id., quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 113 S.Ct. 98 (1992). Once the movant meets this burden, the nonmovant who has the burden of proof at trial must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

A.

A governmental entity may not retaliate against a public employee for exercising his constitutional right to freedom of expression. *Rankin v. McPherson*, 483 U.S. 378, 383, 107 S.Ct. 2891, 2896, 97 L.Ed.2d 315 (1987); *Wallace v. Texas Tech University*, 80 F.3d 1042, 1050 (5th Cir. 1996). However, there are limitations on a public employee's right to free speech in the workplace. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To prevail on a free speech retaliation claim, the plaintiff must establish that: (1) he suffered an adverse employment action;

(2) the speech at issue involved matters of public concern; (3) the plaintiff's interest in the speech outweighed the government's interest in promoting efficiency; and (4) the speech precipitated the adverse employment action. *See Randolph v. Texas Rehabilitation Comm'n*, 214 Fed.Appx. 424, 426, 2007 WL 120271 at *1 (5th Cir. Jan. 18, 2007), *citing Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004). An adverse finding at any stage of the analysis is conclusive and terminates the inquiry. *Coughlin v. Lee*, 946 F.2d 1152, 1156-57 (5th Cir. 1991).

B.

There is no question that plaintiff suffered an adverse employment action as a result of his speech--he was fired by the City of Crowley after making disparaging remarks about Chief Nemitz. Therefore, the court must decide whether plaintiff's speech involved a matter of public concern. "Matters of public concern are those which can 'be fairly considered as relating to any matter of political, social, or other concern to the community.'" *Branton v. City of Dallas*, 272 F.3d 730, 739 (5th Cir. 2001), *quoting Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983). Speech involves a matter of public concern "when it is made primarily in the speaker's role as a citizen rather than as an employee addressing only matters of personal interest." *Bitsoff v. City of Dallas*, No. 3-98-CV-1262-BD, 1999 WL 222452 at *4 (N.D. Tex. Apr. 8, 1999) (Kaplan, J.), *aff'd*, 199 F.3d 438 (5th Cir. Oct. 19, 1999) (Table), *citing Connick*, 103 S.Ct. at 1690-91. While the existence of an element of personal interest on the part of the employee does not prevent a finding that the speech as a whole raises issues of public concern, "an employee cannot transform a personal conflict into an issue of public concern simply by arguing that individual concerns might have been of interest to the public under different circumstances." *Markos v. City of Atlanta*, 364 F.3d 567, 570 (5th Cir. 2004), *citing Bradshaw v. Pittsburg Independent School Dist.*, 207 F.3d 814,

816 (5th Cir. 2000). The primary motivation of the speaker is determined by the "content, form, and context of a given statement, as revealed by the whole record." *Connick*, 103 S.Ct. at 1690.

It is clear that plaintiff's statement to Rodney Wallace, in which he referred to Greg Arrington as a "backstabbing motherf----- just like Kirk Nemitz," did not involve a matter of public concern. Plaintiff did not accuse Arrington or Nemitz of corruption, misconduct, malfeasance, or any other inappropriate behavior related to their office. Nor is there any evidence to suggest that this vulgar remark speaks to the honesty and integrity of Arrington and Nemitz. Rather, the content, form, and context of plaintiff's statement points to the inescapable conclusion that he was motivated by personal hostility, not by matters of concern to the community. Arrington had filed two excessive force complaints against plaintiff when he was employed by the Crowley Police Department. Nemitz had demoted plaintiff for using profane language and the two frequently clashed over management issues. On these facts, none of which are controverted by plaintiff, the court determines that plaintiff's statement about Arrington and Nemitz was not a matter of public concern and, therefore, provides no basis for a free speech retaliation claim under the First Amendment.

## CONCLUSION

Defendants' motion for summary judgment [Doc. #41] is granted. The court will dismiss this case with prejudice by separate judgment filed today.

SO ORDERED.

DATED: July 11, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE